# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1529V
Filed: August 13, 2019
UNPUBLISHED

| | |
|---|---|
| RYAN THOMPSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Findings of Fact; Onset; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## **FINDINGS OF FACT**[1]

**Dorsey**, Chief Special Master:

      On October 16, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") in his left shoulder from an influenza ("flu") vaccine administered on October 16, 2016. Petition at 1, 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons discussed below, the undersigned finds the onset of petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination. Specifically, petitioner suffered pain within 48 hours of vaccination.

## I.     Relevant Procedural History

In support of his claim, petitioner filed medical records (Exs. 1-6, 8-10, 13-15), his own affidavit (Exs. 7), and witness affidavits (Ex. 16, Aff. of Angela Thompson (wife); Ex. 17, Aff. of Brenda Thompson (mother); Ex. 18, Aff. of Ashley Wendler (sister)). Deadlines for respondent to report his position in the case were set following the December 15, 2017 initial status conference. Orders, ECF Nos. 9, 18, 21.

On June 18, 2018, respondent reported that he was interested in exploring an informal resolution of the case. ECF No. 23. The parties spent nearly a year discussing settlement. *See generally* ECF Nos. 25-40. On June 7, 2019, petitioner reported a "belief" that "respondent has a fact issue in this case with regards to onset of symptoms." Pet.'s Status Report, ECF No. 42. A status conference was held on June 13, 2019, to discuss petitioner's status report. Order, ECF No. 43. During the conference, petitioner requested that the undersigned issue a fact ruling on onset. *Id.*

Thereafter, the undersigned reviewed the evidence and determined that fact hearing or briefing would not be necessary. Order, ECF No. 43. A deadline was set for closing the record on the matter of onset. *Id.* In response, petitioner filed witness affidavits. Exs. 16-18. Respondent filed a status report indicating that he did not intend to file anything in regards to onset. ECF No. 45. The matter is now ripe for adjudication.

## II.    Issue

At issue is whether petitioner's first symptom or manifestation of onset after vaccine administration was within 48 hours as set forth in the Vaccine Injury Table. 42 C.F.R. § 100.3(a) XIV.B. (2017) (influenza vaccination). Additionally, the Qualifications and aids to interpretation ("QAI") for a Table SIRVA require that a petitioner's pain occur within this same time frame, 48 hours. 42 C.F.R. § 100.3(c)(10).

## III.   Authority

Pursuant to Vaccine Act § 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act § 11(c)(1). A special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even

though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period." Vaccine Act § 13(b)(2). "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table." *Id.*

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Vaccine Act § 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Curcuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

### IV.  Finding of Fact

The undersigned makes the finding after a complete review of the record to include all medical records, affidavits, testimony, expert reports, respondent's Rule 4 report, and additional evidence filed. Specifically, the undersigned bases the finding on the following evidence:

- On October 6, 2016, petitioner received an influenza vaccination in his left deltoid, at Federal Occupational Health in Washington, DC. Petitioner's Exhibit ("Ex.") 1 at 1.
- Petitioner recalls pain in his left shoulder immediately upon receiving the vaccination, and states that the following day his "left shoulder felt worse and throughout the day continued to get worse." Ex. 7 at 1.
- On October 24, 2016, petitioner went to his primary care physician's office ("PCP") and was seen by Jessica Martin, N.P., at his with complaints of left deltoid pain following the influenza vaccination. Ex. 2 at 5. ("complained of left deltoid pain after taking flu shot last Oct 6"). Petitioner complained of popping sensations and weakness with raising his left arm. *Id.* Petitioner had been "dealing" with the pain, which was aching and weak. *Id.* Nurse Practitioner Martin diagnosed petitioner with left shoulder bursitis and ordered an MRI. *Id.*
- On November 1, 2016, petitioner was seen by board certified radiologist, Uma J. Thakur, M.D., for MRI imaging of his left shoulder. Ex. 2 at 10. Dr. Thakur noted petitioner's history as "29-year-old man with left shoulder pain and loss of range of motion for one month following flu shot, pain with abduction in all directions." *Id.* Petitioner's MRI report states, "trace fluid at the myotendinous junction of the teres minor muscle extending to the attachment site on the humeral head where there are small subcortical cysts." *Id.*

3

- On November 21, 2016, Christopher Koth, P.T., evaluated petitioner's left shoulder pain. Ex. 5 at 2. Physical Therapist Koth noted petitioner's history as "Pt got a flu shot on 10/6/16 and afterwards had left shoulder soreness that then turned just to pain." *Id.*
- On December 19, 2016, petitioner returned to his PCP and again was evaluated by Nurse Practitioner Martin. Ex. 2 at 6. Nurse Practitioner Martin noted petitioner's continued shoulder pain since receiving a flu shot and that petitioner had been attending physical therapy for 6-7 sessions without improvement and was experiencing a decreased range of motion. *Id.* Nurse Practitioner Martin referred Petitioner to an orthopedic physician. *Id.*
- On January 4, 2017, petitioner was seen by board certified orthopedic surgeon, Professor Robert J. Neviaser, M.D., of the George Washington University School of Medicine for evaluation of his left shoulder pain. Ex. 3 at 2. Dr. Neviaser noted petitioner's history as "[f]ollowing a [] on October 6, 2016, within a couple of days, he had severe pain in his left shoulder." *Id.* Neviaser also noted that "other than the flu shot, he recalls nothing that might have caused this" when discussing petitioner's shoulder pain. *Id.* Dr. Neviaser administered a subacromial injection. *Id.*
- On January 26, 2017, petitioner submitted a Vaccine Adverse Event Report indicating the onset of his left shoulder pain as October 6, 2016, the day he received the flu vaccination. Ex. 19 at 2.
- Petitioner's wife, mother, and sister all saw him on the day of his October 6, 2016 flu vaccination and recall him mentioning having left shoulder pain. Exs. 16-18.

The above medical entries are consistent with petitioner's affidavit testimony that his left shoulder pain began at the time he received the flu vaccine on October 6, 2016. The undersigned finds the sworn testimony of petitioner's witnesses to be credible and in agreement with the contemporaneously created treatment records. As such, the undersigned finds preponderant evidence that the onset of petitioner's left shoulder injury occurred within 48 hours of his October 6, 2016 flu vaccination.

**V.  Scheduling Order**

Respondent shall file a Rule 4(c) report by **Wednesday, September 25, 2019**.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Chief Special Master