# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1529V
UNPUBLISHED

|  |  |
|---|---|
| RYAN THOMPSON,<br><br>                 Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: November 22, 2019<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On October 16, 2017, Ryan Thompson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration (SIRVA) after receiving the influenza vaccine on October 6, 2016. Petition at 1-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 18, 2018, Respondent filed a status report stating that "[m]edical personnel have reviewed the records filed in this case and have recommended that the parties explore informal settlement." ECF 23. After attempting informal resolution for

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

almost one year, Petitioner filed a status report stating that "Petitioner is under the belief that Respondent has a fact issue in this case with regard to onset of symptoms." ECF 42. After allowing the parties to file any additional evidence or memoranda relevant to onset, former Chief Special Master Dorsey issued a ruling "find[ing] the onset of petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination. ECF 46. Special Master Dorsey also ordered Respondent to file a Rule 4(c) report. *Id*.

On November 12, 2019, Respondent filed his amended Rule 4(c) report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 3. Specifically, Respondent states that "[i]n light of the Court's fact ruling, and medical evidence submitted in this case, DICP has concluded that petitioner suffered SIRVA as defined by the Vaccine Injury Table. *Id*. Respondent further states, "based on the record as it now stands and subject to his right to appeal the Findings of Fact, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act." *Id*. at 4.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master