# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1529V
UNPUBLISHED

| | |
|---|---|
| RYAN THOMPSON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: March 5, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jessica Olins*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.

*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

  On October 16, 2017, Ryan Thompson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration (SIRVA) after receiving the influenza vaccine on October 6, 2016. Petition at 1-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On November 22, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On March 3, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $111,380.61, representing "$110,000.00 for past and future pain and suffering, and $1,380.61 in unreimbursed medical expenses." Proffer at 1. In the Proffer, Respondent

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $111,380.61, representing compensation in the amounts of $110,000.00 for his actual and projected pain and suffering and $1,380.61 for his unreimbursable expenses in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                         **s/Brian H. Corcoran**
                                         Brian H. Corcoran
                                         Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

RYAN THOMPSON,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 17-1529V
Chief Special Master Brian H. Corcoran
ECF

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 12, 2019, respondent filed his Rule 4(c) Report, in which he conceded entitlement. On November 22, 2019, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation for his Shoulder Injury Related to Vaccine Administration ("SIRVA"). Respondent now proffers that petitioner receive an award of a lump sum of $111,380.61 in the form of a check payable to petitioner. The award is comprised of the following: $110,000.00 for past and future pain and suffering, and $1,380.61 in unreimbursed medical expenses. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1] Petitioner agrees. This proffer does not address final attorneys' fees and litigation costs. Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating documentation.

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

                Respectfully submitted,

                JOSEPH H. HUNT
                Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Acting Director
                Torts Branch, Civil Division

                CATHARINE E. REEVES
                Deputy Director
                Torts Branch, Civil Division

                ALEXIS B. BABCOCK
                Assistant Director
                Torts Branch, Civil Division

                <u>s/Camille M. Collett</u>
                CAMILLE M. COLLETT
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C.  20044-0146
                Telephone: (202) 616-4098

Dated:  March 3, 2020